KC **FILED**

SEP 27 2007
SEP 27 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CE DESIGN LTD., an Illinois corporation, )
individually and as the representative of a )
class of similarly-situated persons, )
                     )
               Plaintiff, )
               )
v.                      )
               )
CY SADEGI d/b/a CY'S CRABHOUSE    )
               )
               Defendant. )

**07CV5456**
**JUDGE KENNELLY**
**MAGISTRATE JUDGE NOLAN**

**NOTICE OF REMOVAL TO FEDERAL COURT**
**BASED ON FEDERAL QUESTION JURISDICTION**

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendant, Cy Sadeghi, by and

through his attorneys, Eric L. Samore and Molly A. Arranz of SmithAmundsen LLC, hereby

submits this Notice of Removal to the United States District Court for the Northern District of

Illinois, Eastern Division, of the above-styled action, pending as Case No. 07 CH 1912 in the

Circuit Court of Lake County, Illinois. In support of this petition and as grounds for removal,

Defendant states as follows:

       1.      On or about July 31, 2007, Plaintiff, CE Design Ltd. ("Plaintiff" or "CE Design")

filed this action in the Circuit Court of Lake County, Illinois, styled, <u>CE Design Ltd. v. Cy</u>

<u>Sadegi d/b/a Cy's Crabhouse</u>, Case No. 07 CH 1912. The only other party to the action is

Defendant, Cy Sadeghi. No proceedings have occurred in the Circuit Court of Lake County as of

the date of this removal.

       2.      A copy of Plaintiff's Class Action Complaint, Motion for Class Certification, and

Summons were served on Defendant on or after August 29, 2007.

       3.      The Class Action Complaint alleges three causes of action based on an alleged

transmission from Defendant to Plaintiff of a purported unsolicited facsimile advertisement. Specifically, the Class Action Complaint contains the following claims: violation of the Telephone Consumer Protection Act, 47 U.S.C. Section 227 ("TCPA"), conversion, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("ICFA"). Plaintiff brings these claims on behalf of a class of persons. (*See* **Exhibit A** attached hereto.)

4.     This case is a civil action of which the United States District Court for the Northern District of Illinois has original jurisdiction under the provisions of 28 U.S.C. § 1331 because Plaintiff has alleged a cause of action under the TCPA, as indicated by not only Count I but by the "Preliminary Statement" to the Class Action Complaint. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449-51 (7th Cir. 2005).

5.     Removal to this federal court is authorized by 28 U.S.C. § 1441. The Seventh Circuit has held in another TCPA-based lawsuit that TCPA actions are removable under 28 U.S.C. § 1441 because a claim pursuant to the TCPA arises under federal law. *Brill*, 427 F.3d at 449-51 (stating that removal of the TCPA action was authorized by Section 1441 and allowed by 47 U.S.C. § 227(b)(3)).

6.     This Court has supplemental jurisdiction over Plaintiff's ICFA and conversion claims because they form part of the same case or controversy as the alleged TCPA violation. *See* 28 U.S.C. § 1367. Plaintiff's claims do not raise novel or complex issues of Illinois law nor do Plaintiff's state law claims predominate over its federal TCPA claim. *See* 28 U.S.C. § 1367(c). This Court also has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1441(c).

7.     There are no other defendants named in this action.

8.     Defendant attaches, as **Exhibit A** to this Notice of Removal to Federal Court Based on Federal Question Jurisdiction, copies of the Class Action Complaint and Motion for Class Certification, together with summons, and any documentation of process served. At the time of filing this Notice of Removal to Federal Court, no other processes, pleadings, or orders, other than the documents attached hereto, have been served upon Defendant. Plaintiff has not yet requested a trial by jury as indicated by the Class Action Complaint.

9.     This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b), as it is filed within 30 days after Defendant was served with the Summons and Class Action Complaint, which sets forth the claims upon which the Notice of Removal is based. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, 119 S. Ct. 1322, 1328 (1999).

10.     Written notice of this Notice of Removal is being served upon plaintiff, and a copy of the Notice of Removal is being filed with the Circuit Court of Lake County, Illinois. The Circuit Court of Lake County, Illinois, is located within this District and Division.

WHEREFORE, Defendant, CY SADEGHI, petitions that the above-entitled action be removed and transferred from the Circuit Court of Lake County, Illinois, to the United States District Court for the Northern District of Illinois.

Respectfully Submitted,


By:     _____
Attorney for Defendant

Eric L. Samore, ARDC # 6181345
Molly A. Arranz, ARDC # 6281122
SMITH AMUNDSEN, L.L.C.
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
Phone: (312) 894-3200

# EXHIBIT A

IN THE CIRCUIT COURT OF ~~COOK~~ *Lake* COUNTY, ILLINOIS
~~COUNTY DEPARTMENT CHANCERY DIVISION~~

CE DESIGN LTD., an Illinois corporation, )
individually and as the representative of a )
class of similarly-situated persons, )
 )
      Plaintiff, )
 )    **07 CH 19 12**
 )
   v. )
 )
CY SADEGI d/b/a CY'S CRABHOUSE,, )
 )
      Defendant. )

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, CE DESIGN LTD., by its attorneys, Anderson + Wanca and Diab & Bock,

LLC, respectfully moves this court, pursuant to 735 ILCS 5/2-801 et seq., to certify for class

action treatment the following classes, as described in Plaintiff's Class Action Complaint:

> All persons who (1) on or after four years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, and (3) with respect to
> whom Defendant cannot provide evidence of prior express
> permission or invitation for the sending of such faxes.

> All persons who (1) on or after five years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, and (3) with respect to
> whom Defendant cannot provide evidence of prior express
> permission or invitation for the sending of such faxes.

> All persons who (1) on or after three years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, and (3) with respect to
> whom Defendant cannot provide evidence of prior express
> permission or invitation for the sending of such faxes.

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff, CE DESIGN LTD., prays that this court enter an order pursuant

to 735 ILCS 5/2-801 certifying for class treatment the classes set forth herein.

Respectfully submitted,

CE DESIGN LTD., individually and as the
representative for a class of similarly-situated
persons

By: _____

One of the Attorneys for Plaintiff

Brian J. Wanca                           Phillip A. Bock
ANDERSON + WANCA                         DIAB & BOCK, LLC
3701 Algonquin Road, Suite 760           134 N. La Salle St., Suite 1000
Rolling Meadows, IL 60008                Chicago, IL 60602
Telephone: 847/368-1500                  Telephone: 312/578-4100
Fax: 847/368-1501
#51306

2

## SUMMONS

## IN THE NAME OF THE PEOPLE IN THE STATE OF ILLINOIS, IN THE CIRCUIT COURT
## OF THE NINETEENTH JUDICIAL CIRCUIT,
## LAKE COUNTY, ILLINOIS

CE DESIGN LTD., an Illinois corporation,  )
individually and as the representative of a )
class of similarly-situated persons,        )
                                    )
                                    )
                                    )
                           **Plaintiffs**)

**No. _____**

               vs.               )

CY SADEGI d/b/a CY'S CRABHOUSE,  )

**PLEASE SERVE:**
Cy Sadegi
1419 Glenview Rd.
Glenview, IL 60025

                           **Defendants**)

To each of the above-named defendants:

    You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in this complaint.

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

    This summons may not be served later than 30 days after its date.

**SEAL
OF
COURT**

WITNESS SALLY D. COFFELT. Clerk of said Circuit Court, and the seal thereof at Waukegan, Illinois, this _____ day of
JUL 3 1 2007 _____ A.D., 20 _____

*Sally D. Coffelt*
SALLY D. COFFELT, Clerk

Plaintiff's Attorney:
(or plaintiff, if he be not represented by attorney) ANDERSON + WANCA
3701 Algonquin Rd., Ste. 760
Address Rolling Meadows, IL 60008
Telephone (847) 368-1500

Date of Service: _____, 20 _____
(To be inserted by officer on copy left with defendant or other person.)

171-138 Rev 8/00

*19th Judicial Circuit, Lake*

## IN THE CIRCUIT COURT OF THE ~~COOK~~ COUNTY, ILLINOIS
## ~~COUNTY DEPARTMENT, CHANCERY DIVISION~~

| | |
|---|---|
| CE DESIGN LTD.., an Illinois corporation, individually and as the representatives of a class of similarly-situated persons, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| CY SADEGI d/b/a CY'S CRABHOUSE, | ) ) |
| Defendant. | ) |

**07 CH 1912**

### CLASS ACTION COMPLAINT

Plaintiff, CE DESIGN LTD. ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or their attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, CY SADEGI d/b/a CY'S CRABHOUSE ("Defendant"):

### PRELIMINARY STATEMENT

1. This case challenges Defendant's practice of faxing unsolicited advertisements.

2. The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for

authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5.      Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.      Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business and committed tortious acts related to the matters complained of herein.

7.      Venue is proper in Lake County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of occurred in Lake County, Illinois.

8.      Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9.      Plaintiff is an Illinois corporation.

10.     On information and belief, Defendant, CY SADEGI d/b/a CY'S CRABHOUSE, operates restaurants under the assumed name of Cy's Crabhouse. One Cy's Crabhouse was located in Buffalo Grove, Lake County, Illinois.

## FACTS

11.     On or about 2005, Defendant faxed an advertisement to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

2

12. Plaintiff had not invited or given permission to Defendant to send the fax advertisement.

13. On information and belief, Defendant faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

14. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

15. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

16. In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

17. A class action is warranted because:

(a) On information and belief, the class includes more than forty persons and is so numerous that joinder of all members is impracticable.

(b) There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i) Whether Defendant sent unsolicited fax advertisements;

3

(ii)   Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

(iii)   The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv)   Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

(v)   Whether Defendant violated the provisions of 47 USC § 227;

(vi)   Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)   Whether Defendant should be enjoined from faxing advertisements in the future; and

(viii)   Whether the Court should award trebled damages.

18.   Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

19.   A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

20.   The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

4

21. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

22. The TCPA provides:

3. _Private right of action._ A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) Both such actions.

23. The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

24. Defendant violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

25. The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

26. Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services.

27. Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the

5

printing of Defendant's faxes. Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

28.     Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, CE DESIGN LTD., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, CY SADEGI d/b/a CY'S CRABHOUSE, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award $500.00 in damages for each violation of the TCPA;

C.     That the Court enter an injunction prohibiting Defendant from engaging in the statutory violations at issue in this action; and

D.     That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

## COUNT II
## CONVERSION

29.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30. In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendant, (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

31. A class action is proper in that:

(a) On information and belief the class consists of more than 40 persons and is so numerous that joinder of all members is impracticable.

(b) There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i) Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii) The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements; and

(iii) Whether Defendant committed the tort of conversion.

32. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

33. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

7

34.     By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendant also converted Plaintiff's employees' time to Defendant's own use.

35.     Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

36.     By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use. Such misappropriation was wrongful and without authorization.

37.     Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

38.     Plaintiff and the other class members were deprived of the use of their fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

39.     Each of Defendant's unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's illegal faxes. Defendant knew or should have known employees' time is valuable to Plaintiff.

40.     Defendant's actions caused damages to Plaintiff and the other members of the class because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner as a result. Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax

8

machine for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, CE DESIGN LTD., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, CY SADEGI d/b/a CY'S CRABHOUSE, as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B.    That the Court award appropriate damages;

C.    That the Court award costs of suit; and

D.    Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## 815 ILCS 505/2

41.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

42.    In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, brings Count III for Defendant's unfair practice of sending unsolicited and unlawful fax advertisements:

> All persons in Illinois who (1) on or after a date three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

43.    A class action is proper in that:

9

(a)    On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

(i)    Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iii)    Whether Defendant's practice of sending unsolicited faxed advertisements violates Illinois public policy;

(iv)    Whether Defendant's practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act; and

(v)    Whether Defendant should be enjoined from sending unsolicited fax advertising in the future.

44.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

45.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

10

46. Defendant's unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendant's practice effectively forced Plaintiff and the other class members to pay for Defendant's advertising campaign.

47. Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

48. Defendant's misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

49. Defendant's actions caused damages to Plaintiff and the other class members because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machine for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, CE DESIGN LTD., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, CY SADEGI d/b/a CY'S CRABHOUSE, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

11

B.  That the Court award damages to Plaintiff and the other class members;

C.  That the Court award attorney fees and costs;

D.  That the Court enter an injunction prohibiting Defendant from sending unsolicited faxed advertisements to Illinois consumers; and

E.  Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

Respectfully submitted,

CE DESIGN LTD., individually and as the representatives of a class of similarly-situated persons

By: _____

One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Attorney No. 3126474

Phillip A. Bock (#6224502)
DIAB & BOCK, LLC
134 N. La Salle St., Suite 1000
Chicago, IL 60602
Telephone: 312/578-4100

12

**EXHIBIT A**

# We Love to Serve You at Cy's Crabhouse



## Cy's Crabhouse
### 301 N Milwaukee Ave
### Buffalo Grove, IL 60089

## *Best Food in the North Shore*

### We Are Happy to Accommodate All Your Needs
### If It's Not on the Menu, Please Ask!

With This Ad
## 2 for 1 Lunch, Value up to $8.00
(One Coupon per Table, Not Valid with Any Other Promotion)

## Book Your Holiday Party Here and Get 15% OFF

### *Dinner Packages $15.95 - $29.95 per Person*

### For Details, Call (800) 264-3898, Ext 358

—————— The above sponsor is not affiliated with, nor endorsed by, any charitable organization ————

Please Contribute to Reputable American Charities Dedicated to Helping Flood Victims

Advertising stimulates the economy. We will only send faxes to parties who wish to receive them. If you, or someone acting in your behalf, did not request or allow us, our agents, or our customers to send faxes to this number, this message was sent in error, and we apologize. If you do not want to receive charitable advertising or other faxes call (718) 645-2018, Ext 233, twenty four-hours a day, seven days a week or 8009919484, ext 399 to remove your number. (Lines are less busy evenings, nights, and weekends.) If you remove your number, we will never send another fax to this number. If you do not remove your number, it will certify that you give permission to continue to send faxes to this number. This message is the exclusive property of Macaw, SRL, 46 Match Factory St, Sec 5, Buc, Rom, 050183, 40723294564, which is solely responsible for its contents and destinations.

"Remove" Hotline (718) 645-2018, Ext 233. "Complaint" Hotline (718) 645-2021, Ext 232.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CE DESIGN LTD., an Illinois corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | |
| Plaintiff, | ) | Case No. |
| v. | ) ) | Judge: |
| CY SADEGI d/b/a CY'S CRABHOUSE | ) ) | |
| Defendant. | ) ) | |

### CERTIFICATE OF SERVICE

The undersigned certifies that on the 27th day of September 2007, she served the Defendant, Cy Sadeghi's **Notice of Removal to Federal Court Based on Federal Question Jurisdiction** and **Appearances** on:

Brian J. Wanca
Ryan M. Kelly
Anderson & Wanca
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008

Phillip A. Bock
Diab & Bock, LLL
20 N. Wacker Drive
Suite 1741
Chicago, IL 60606

via first class mail by depositing same into an envelope properly sealed and with proper postage prepaid, into the U.S. Mail at 150 North Michigan, Chicago, Illinois before 5:00 p.m., on the 27th day of September, 2007.

[x]   Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct. Executed on: September 27, 2007.

_____

Eric L. Samore, ARDC # 6181345
Molly A. Arranz, ARDC # 6281122
SMITH AMUNDSEN LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
COUNSEL FOR CY SADEGHI