# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 5456 | **DATE** | 2/1/2010 |
| **CASE TITLE** | CE Design, Ltd. vs. Cy's Crabhouse North, Inc., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court denies the motion for summary judgment filed by defendant Cy's Crabhouse & Seafood Grill, Inc. [docket no. 145]. The case is set for a status hearing on 2/16/10 at 9:30 a.m. for the purpose of setting a trial date and discussing the possibility of settlement.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

CE Design Ltd. has sued Cy's Crabhouse North, Inc. (Cy's North) and Cy's Crabhouse & Seafood Grill, Inc. (Cy's Seafood) under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1), for sending unsolicited advertisements by facsimile. The Court previously certified a class of plaintiffs. Cy's Seafood has moved for summary judgment on the ground that it did not use a facsimile machine or other device to send unsolicited ads.

Cy's North and Cy's Seafood are under common ownership. Both entities operate restaurants. The ads in question were for a restaurant called Cy's Crabhouse in Buffalo Grove, which is the restaurant operated by Cy's North. Cy's North has not moved for summary judgment. Cy's Seafood has moved for summary judgment on the ground that no one acting on its behalf participated in sending the ads.

The Court denies Cy's Seafood's motion because it is readily apparent that there is a genuine issue of material fact regarding its involvement in sending the ads. In particular, even though the ads promoted Cy's North, they were paid for via a check issued by Cy's Seafood. It appears that the check was issued by Michael Arab, a part owner of Cy's Seafood and the general manager of Cy's North. There is also evidence that the restaurants regularly advertised together in local newspapers. These facts would permit a reasonable fact finder to conclude that Cy's Seafood participated sufficiently in the sending of unsolicited ads by facsimile to make it liable under the TCPA.