# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

G.M. SIGN, INC.,

Plaintiff,

v.

FINISH THOMPSON, et al.,

Defendants.

Case No. 1:07-cv-05953

Chicago, Illinois
March 22, 2010
Status Conference

-------------------------------

TRANSCRIPT OF STATUS CONFERENCE
BEFORE THE HONORABLE VIRGINIA M. KENDALL
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff: Bock & Hatch, LLC
By: Richard J. Doherty
134 N. LaSalle St., Ste. 1000
Chicago, IL 60602
(312) 685-5500

APPEARANCES:

For the Defendant: Clausen Miller, P.C.
By: Stephen J. Schlegel
10 S. LaSalle St., Ste. 1800
Chicago, IL 60603
(312) 346-8385

Also Present: Caroline Abraham
- via teleconference -

COURT REPORTER: FEDERAL OFFICIAL COURT REPORTER
April M. Metzler, RPR, CRR
219 South Dearborn St., Rm. 2318-A
Chicago, IL 60604
(312) 408-5154
April_Metzler@ilnd.uscourts.gov

Proceedings recorded by mechanical stenography; transcript produced by notereading.

09:40:39 (Commenced at 9:40 a.m.)

09:40:39 THE CLERK: 07C5953, G.M. Sign versus Finish Thompson.

09:40:48 MR. SCHLEGEL: Good afternoon, your Honor. Steve Schlegel on behalf of defendant Finish Thompson.

09:40:51 THE COURT: Good morning.

09:40:52 MR. DOHERTY: Good morning, your Honor. Richard Doherty, D-o-h-e-r-t-y, on behalf of plaintiff.

09:40:56 THE COURT: Okay. Good morning.

09:40:57 MR. DOHERTY: Good morning.

09:40:58 THE COURT: We have this third-party individual, who has written to the Court. Did you all get a copy of it?

09:41:04 MR. DOHERTY: Yes, your Honor.

09:41:05 THE COURT: Okay.

09:41:05 MR. SCHLEGEL: Yes.

09:41:05 THE COURT: And she's going to appear by telephone. So do we have a phone number for her?

09:41:09 THE CLERK: She's on the phone.

09:41:10 THE COURT: Oh, she's on.

09:41:11 Are you on the telephone?

09:41:13 MS. ABRAHAM: Yeah.

09:41:13 THE COURT: All right. Who is this?

09:41:14 MS. ABRAHAM: My name is Carolyn Abraham.

09:41:16 THE COURT: Okay. Good morning, Ms. Abraham. This is Judge Kendall. And you heard the two gentlemen.

Gentlemen, just say your name again for her and who you represent.

MR. SCHLEGEL: I'm Steve Schlegel on behalf of Finish Thompson, the defendant.

MR. DOHERTY: Richard Doherty on behalf of plaintiff.

THE COURT: Okay. All right. Ms. Abraham, why don't you tell us what your problem is.

MS. ABRAHAM: Okay. My problem is that in this case I was required to turn over certain evidence of -- originally it was a list of fax numbers that were to which Finish Thompson's ad was sent out. We gave those lists, but then we were told that we had to produce the original electronics media on which they were stored. We produced those. Those media also contain many, many other lists of fax numbers for other customers of our business whom we sent out fax ads.

The law firm of Anderson and Wanca and some other law firms too, but mainly them, are now making many, many new cases against these old customers of ours, based simply on the evidence that we turned over in this one case.

THE COURT: Okay.

MS. ABRAHAM: And I don't see how that's, I don't know, a legal or ethical use of evidence that we turned in.

THE COURT: Okay. Let me hear a response.

MR. DOHERTY: Well, your Honor, we'd like to make a written response to this, but I want to say a couple of

09:42:48 things.

09:42:48 THE COURT: Okay.

09:42:48 MR. DOHERTY: First of all, this evidence was 09:42:50 produced pursuant to a subpoena. This evidence was produced 09:42:53 by a party represented by counsel. This evidence was produced 09:42:58 without any claim of confidentiality, without any assertion of 09:43:03 privilege by this entity, which has now been defaulted by this 09:43:06 Court in this case and now seeks to come back into the light 09:43:11 and start to make all of these types of claims.

09:43:14 THE COURT: Okay. Hold on. Hold on.

09:43:16 Are you saying Ms. Abraham was represented by a 09:43:19 counsel?

09:43:19 MR. DOHERTY: Was represented by counsel at the time 09:43:21 that this evidence was produced, yes.

09:43:23 THE COURT: Okay. Who was counsel at the time?

09:43:25 MR. DOHERTY: I don't have the name of the counsel 09:43:27 with me, your Honor.

09:43:27 MR. SCHLEGEL: His name was Levin (phonetic). He 09:43:30 appeared at the deposition of Joel Abraham, Mrs. Abraham's 09:43:33 son.

09:43:33 THE COURT: Okay.

09:43:34 MR. SCHLEGEL: He did not appear for Ms. Abraham at 09:43:37 her deposition.

09:43:37 THE COURT: Okay. And what is Mrs. Abraham's role 09:43:40 with the entity that it was served on? And it was served on

09:43:43 an entity, correct, the subpoena?

09:43:46 MR. SCHLEGEL: Yeah.

09:43:46 MR. DOHERTY: Yes, your Honor.

09:43:47 MR. SCHLEGEL: The subpoenas were served in this case and in the C.E. Design case that Ms. Abraham refers to in her letter to the Court.

09:43:59 Back in 2008 in connection with the request for her deposition -- and eventually the request for the deposition of her son Joel -- they were issued, as needed to be done, by the Eastern District of New York sitting in Brooklyn, because the Abrahams lived in Brooklyn.

09:44:29 I have a couple of questions relating to this case, and Ms. Abraham's letter specifically, because I attended the deposition of Joel Abraham, when he produced the disk that is the -- is testified by him to have been a backup of the computer hard drive that was used to actually send this fax broadcast.

09:45:09 At that time, however, and at the time of Mrs. Abraham's deposition, they were unable to identify the whereabouts of any of the computers and the actual hard drives that sent this fax in this case and other faxes in other cases.

09:45:28 Without going into the details of Ms. Abraham's testimony at her deposition, which is separately lodged on other papers before the Court here. On that score, both Joel

09:45:45 and Ms. Abraham were required to look for the hard drives and any other backup information that they might have in response to the subpoenas.

In our case this is the first time that I have been told that Joel Abraham sent another disk and the hard drive to plaintiff's counsel, which was after the testimony that the first disk was produced in this case. So I am concerned that I have had no notice from plaintiff's counsel or the third-party defendants that additional electronic media was produced, after I left and concluded that deposition. So that's a problem for this Court in this case.

I can't say anything about the other cases that Mrs. Abraham is referring to, because I am not involved in any of those cases.

THE COURT: Okay. First of all, we're all jumping around with a number of different issues. I received a letter addressed to me, which I have shared with the parties, regarding Ms. Abraham's concern regarding a subpoena issued upon her.

Now that I see, hearing from both sides, what the issue is, I have no jurisdiction to enforce a subpoena served on someone in New York. It is the Eastern District of New York's jurisdiction. So I cannot address Ms. Abraham's claim that she -- which I have interpreted to mean that she's moving to quash the subpoena, based upon it being overly burdensome

09:47:36 or improperly issued. That is for the Eastern District of New York. I don't have jurisdiction over that.

09:47:41 So if you have any complaint, Ms. Abraham, regarding this quashing of the subpoena, you need to file it appropriately in the Eastern District of New York and not before me.

09:47:52 Now, as far as Mr. Schlegel.

09:47:57 MR. SCHLEGEL: Schlegel.

09:47:59 THE COURT: Schlegel's concern regarding receiving evidence, that requires a discussion between the two of you. Possibly it can be resolved easily. If not, maybe another visit back on another day, which is not teed up for this morning, because if there is something that he hasn't received --

09:48:16 MR. DOHERTY: If there's anything that's relevant that he hasn't received, of course we'll give it to him. I think there's a miscommunication. I'm sure there will not be any need --

09:48:24 THE COURT: Okay. I don't have jurisdiction over your claim, Ms. Abraham. You'll have to file it elsewhere in the Eastern District of New York.

09:48:30 MS. ABRAHAM: Maybe you misunderstand me. I wasn't asking that I not produce the evidence. I produced it already.

09:48:33 What I wanted to do is somewhere or other stop the

09:48:38 evidence from being used any further to make new cases. If I didn't sign a confidentiality, which I was told there would be. I was told by the attorneys from Anderson and Wanca that the information we gave would not be used, would not be looked at for anything else. I have an e-mail that says it won't be shown to any third party.

THE COURT: Well, see, then you can --

MS. ABRAHAM: But it is being used. So how do I do that?

THE COURT: Then you have a lawyer, and a lawyer who supposedly signed a confidentiality agreement and who advised you on this issue, and --

MS. ABRAHAM: I don't know if he did or not.

THE COURT: Well, then you need to find that out.

MS. ABRAHAM: -- I wasn't there. I wasn't there when the information was given over. My son was there with his lawyer. I wasn't there. I don't know exactly what they did, but I do know an e-mail from before that from Mr. Kelly, who was the attorney at Anderson and Wanca's firm that said that no third party would ever see this information.

I just want to find a way to stop using our evidence from your case being used anywhere else. If I didn't do a confidentiality then, I'd like to do it now, but I don't know how to do it.

THE COURT: I'm telling you that you can't challenge

this subpoena, which is your concern in my courtroom, because I don't have jurisdiction over it. It was served on you out there, and you're challenging the use of the information and you're challenging it as being overly broad and improperly served or improperly -- or for an improper use, and that is to be handled by the proper judge in that jurisdiction.

So even though I have the case here, the jurisdiction for challenging the service of a subpoena, regarding whether it's overly broad is not in this jurisdiction. It's where it was served.

MS. ABRAHAM: Oh. I wrote to the judge already, and I said the same thing I'm telling you, that the information was used for, I think, improper purposes. And she said Anderson and Wanca already said that they received what they wanted. They signed off on it. Therefore, the matter is out of my hands.

So I don't know where else to turn, except to go back to the original court that asked for the information -- the evidence.

THE COURT: The situation is, is you're handing me a dispute that I don't have jurisdiction to review. So I can't --

MS. ABRAHAM: Who does?

THE COURT: What did you say?

MS. ABRAHAM: Well, who does? Can you maybe --

09:50:49 THE COURT: I just told you that the Eastern District of New York has jurisdiction to quash the subpoena that was served in the Eastern District of New York.

09:50:59 MS. ABRAHAM: But they told me it was out of their hands already.

09:51:02 THE COURT: All right. That's my ruling.

09:51:05 MS. ABRAHAM: All right.

09:51:07 THE COURT: Thank you.

09:51:12 I have nothing else.

09:51:13 MR. DOHERTY: Thank you very much, your Honor.

(Concluded at 9:51 a.m.)

\- - -

CERTIFICATE

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/April M. Metzler, RPR, CRR, FCRR    March 22, 2010
April M. Metzler, RPR, CRR, FCRR    Date
Official Federal Court Reporter

**/**

/s/April [1] - 11:23

**0**

07C5953 [1] - 3:2

**1**

10 [1] - 2:6
1000 [1] - 1:19
134 [1] - 1:19
1800 [1] - 2:6
1:07-cv-05953 [1] - 1:7

**2**

2008 [1] - 6:7
2010 [2] - 1:9, 11:23
219 [1] - 2:12
22 [2] - 1:9, 11:23
2318-A [1] - 2:12

**3**

312 [3] - 1:20, 2:7, 2:13
346-8385 [1] - 2:7

**4**

408-5154 [1] - 2:13

**6**

60602 [1] - 1:20
60603 [1] - 2:7
60604 [1] - 2:13
685-5500 [1] - 1:20

**9**

9:40 [1] - 3:1
9:51 [1] - 11:11

**A**

a.m [2] - 3:1, 11:11
above-entitled [1] - 11:21
ABRAHAM [13] - 3:21, 3:23, 4:8, 4:21, 8:22, 9:8, 9:13, 9:15, 10:11, 10:23, 10:25, 11:4, 11:7
Abraham [14] - 2:9, 3:23, 3:24, 4:6, 5:11, 5:19, 5:22, 6:5, 6:14, 7:1, 7:5, 7:13, 8:3, 8:20
Abraham's [7] - 5:19, 5:24, 6:13, 6:19, 6:23, 7:18, 7:23
Abrahams [1] - 6:11
actual [1] - 6:20
ad [1] - 4:11
additional [1] - 7:9
address [1] - 7:23
addressed [1] - 7:17
ads [1] - 4:15
advised [1] - 9:11
afternoon [1] - 3:4
agreement [1] - 9:11
al [1] - 1:10
Anderson [4] - 4:16, 9:3, 9:19, 10:14
appear [2] - 3:16, 5:22
APPEARANCES [2] - 1:16, 2:3
appeared [1] - 5:19
appropriately [1] - 8:5
April [2] - 2:12, 11:24
April_Metzler@ilnd.uscourts.gov [1] - 2:14
assertion [1] - 5:6
attended [1] - 6:13
attorney [1] - 9:19
attorneys [1] - 9:3

**B**

backup [2] - 6:15, 7:2
based [2] - 4:18, 7:25
BEFORE [1] - 1:14
behalf [4] - 3:5, 3:8, 4:3, 4:5
between [1] - 8:10
Bock [1] - 1:18
broad [2] - 10:4, 10:9
broadcast [1] - 6:17
Brooklyn [2] - 6:10, 6:11
burdensome [1] - 7:25
business [1] - 4:15

**C**

C.E [1] - 6:5
cannot [1] - 7:23
Caroline [1] - 2:9
Carolyn [1] - 3:23
case [12] - 4:8, 4:19, 5:8, 6:4, 6:5, 6:12, 6:21, 7:4, 7:7, 7:11, 9:22, 10:7
Case [1] - 1:7
cases [5] - 4:18, 6:22, 7:12, 7:14, 9:1
certain [1] - 4:9
certify [1] - 11:20
challenge [1] - 9:25
challenging [3] - 10:3, 10:4, 10:8
Chicago [4] - 1:8, 1:20, 2:7, 2:13
claim [3] - 5:6, 7:23, 8:20
claims [1] - 5:9
Clausen [1] - 2:5
CLERK [2] - 3:2, 3:18
Commenced [1] - 3:1
complaint [1] - 8:3
computer [1] - 6:16
computers [1] - 6:20
concern [3] - 7:18, 8:9, 10:1
concerned [1] - 7:7
Concluded [1] - 11:11
concluded [1] - 7:10
Conference [1] - 1:9
CONFERENCE [1] - 1:13
confidentiality [4] - 5:6, 9:2, 9:11, 9:23
connection [1] - 6:7
contain [1] - 4:14
copy [1] - 3:12
correct [2] - 6:1, 11:20
counsel [7] - 5:5, 5:12, 5:13, 5:15, 5:16, 7:6, 7:8
couple [2] - 4:25, 6:12
course [1] - 8:16
COURT [31] - 1:4, 2:11, 3:6, 3:9, 3:11, 3:14, 3:16, 3:19, 3:22, 3:24, 4:6, 4:20, 4:23, 5:2, 5:10, 5:15, 5:21, 5:24, 7:15, 8:9, 8:19, 9:7, 9:10, 9:14, 9:25, 10:20, 10:24, 11:1, 11:6, 11:8
Court [6] - 3:12, 5:8, 6:6, 6:25, 7:11, 11:25
court [1] - 10:18
courtroom [1] - 10:1
CRR [3] - 2:12, 11:23, 11:24
customers [2] - 4:15, 4:18

**D**

Date [1] - 11:24
Dearborn [1] - 2:12
defaulted [1] - 5:7
Defendant [1] - 2:5
defendant [2] - 3:5, 4:4
defendants [1] - 7:9
Defendants [1] - 1:11
deposition [8] - 5:19, 5:23, 6:8, 6:14, 6:19, 6:24, 7:10
Design [1] - 6:5
details [1] - 6:23
different [1] - 7:16
discussion [1] - 8:10
disk [3] - 6:14, 7:5, 7:7
dispute [1] - 10:21
DISTRICT [3] - 1:4, 1:4, 1:14
District [7] - 6:10, 7:22, 8:1, 8:5, 8:21, 11:1, 11:3
DIVISION [1] - 1:5
DOHERTY [12] - 3:7, 3:8, 3:10, 3:13, 4:5, 4:24, 5:3, 5:13, 5:16, 6:3, 8:15, 11:10
Doherty [3] - 1:19, 3:8, 4:5
done [1] - 6:9

**drive** [2] - 6:16, 7:5
**drives** [2] - 6:20, 7:1

## E

**e-mail** [2] - 9:5, 9:18
**easily** [1] - 8:11
**Eastern** [7] - 6:10, 7:22, 8:1, 8:5, 8:21, 11:1, 11:3
**EASTERN** [1] - 1:5
**electronic** [1] - 7:9
**electronics** [1] - 4:12
**elsewhere** [1] - 8:20
**enforce** [1] - 7:21
**entitled** [1] - 11:21
**entity** [3] - 5:7, 5:25, 6:1
**et** [1] - 1:10
**ethical** [1] - 4:22
**eventually** [1] - 6:8
**evidence** [12] - 4:9, 4:19, 4:22, 5:3, 5:4, 5:5, 5:14, 8:10, 8:23, 9:1, 9:21, 10:19
**exactly** [1] - 9:17
**except** [1] - 10:17

## F

**far** [1] - 8:7
**fax** [5] - 4:10, 4:14, 4:15, 6:16, 6:21
**faxes** [1] - 6:21
**FCRR** [2] - 11:23, 11:24
**FEDERAL** [1] - 2:11
**Federal** [1] - 11:25
**file** [2] - 8:4, 8:20
**Finish** [4] - 3:2, 3:5, 4:3, 4:10
**FINISH** [1] - 1:10
**firm** [2] - 4:16, 9:19
**firms** [1] - 4:17
**first** [2] - 7:4, 7:7
**First** [2] - 5:3, 7:15
**foregoing** [1] - 11:20

## G

**G.M** [2] - 1:7, 3:2
**gentlemen** [1] - 3:25
**Gentlemen** [1] - 4:1
**given** [1] - 9:16

## H

**handing** [1] - 10:20
**handled** [1] - 10:6
**hands** [2] - 10:16, 11:5
**hard** [4] - 6:16, 6:20, 7:1, 7:5
**Hatch** [1] - 1:18
**hear** [1] - 4:23
**heard** [1] - 3:25
**hearing** [1] - 7:20
**Hold** [2] - 5:10
**Honor** [7] - 3:4, 3:7, 3:13, 4:24, 5:17, 6:3, 11:10
**HONORABLE** [1] - 1:14

## I

**identify** [1] - 6:19
**IL** [3] - 1:20, 2:7, 2:13
**ILLINOIS** [1] - 1:4
**Illinois** [1] - 1:8
**improper** [2] - 10:5, 10:13
**improperly** [3] - 8:1, 10:4, 10:5
**INC** [1] - 1:7
**individual** [1] - 3:11
**information** [7] - 7:2, 9:4, 9:16, 9:20, 10:3, 10:12, 10:18
**interpreted** [1] - 7:24
**involved** [1] - 7:13
**issue** [2] - 7:21, 9:12
**issued** [3] - 6:9, 7:18, 8:1
**issues** [1] - 7:16

## J

**Joel** [5] - 5:19, 6:9, 6:14, 6:25, 7:5
**judge** [2] - 10:6, 10:11
**JUDGE** [1] - 1:14
**Judge** [1] - 3:25
**jumping** [1] - 7:15
**jurisdiction** [10] - 7:21, 7:23, 8:2, 8:19, 10:2, 10:6, 10:7, 10:9, 10:21, 11:2

## K

**Kelly** [1] - 9:18
**KENDALL** [1] - 1:14
**Kendall** [1] - 3:25

## L

**LaSalle** [2] - 1:19, 2:6
**law** [2] - 4:16
**lawyer** [3] - 9:10, 9:17
**left** [1] - 7:10
**legal** [1] - 4:22
**letter** [3] - 6:6, 6:13, 7:16
**Levin** [1] - 5:18
**light** [1] - 5:8
**list** [1] - 4:10
**lists** [2] - 4:11, 4:14
**lived** [1] - 6:11
**LLC** [1] - 1:18
**lodged** [1] - 6:24
**look** [1] - 7:1
**looked** [1] - 9:4

## M

**mail** [2] - 9:5, 9:18
**March** [2] - 1:9, 11:23
**matter** [2] - 10:15, 11:21
**mean** [1] - 7:24
**mechanical** [1] - 2:24
**media** [3] - 4:13, 4:14, 7:9
**Metzler** [3] - 2:12, 11:23, 11:24
**might** [1] - 7:2
**Miller** [1] - 2:5
**miscommunication** [1] - 8:17
**misunderstand** [1] - 8:22
**morning** [6] - 3:6, 3:7, 3:9, 3:10, 3:24, 8:13
**moving** [1] - 7:24
**MR** [19] - 3:4, 3:7, 3:10, 3:13, 3:15, 4:3, 4:5, 4:24, 5:3, 5:13, 5:16, 5:18, 5:22, 6:2, 6:3, 6:4, 8:8, 8:15, 11:10
**MS** [13] - 3:21, 3:23, 4:8, 4:21, 8:22, 9:8, 9:13, 9:15, 10:11, 10:23, 10:25, 11:4, 11:7

## N

**name** [4] - 3:23, 4:1, 5:16, 5:18
**need** [3] - 8:4, 8:18, 9:14
**needed** [1] - 6:9
**new** [2] - 4:17, 9:1
**New** [8] - 6:10, 7:22, 8:1, 8:5, 8:21, 11:2, 11:3
**NORTHERN** [1] - 1:4
**notereading** [1] - 2:25
**nothing** [1] - 11:9
**notice** [1] - 7:8
**number** [2] - 3:17, 7:16
**numbers** [2] - 4:10, 4:14

## O

**OF** [2] - 1:4, 1:13
**Official** [1] - 11:25
**OFFICIAL** [1] - 2:11
**old** [1] - 4:18
**one** [1] - 4:19
**original** [2] - 4:12, 10:18
**originally** [1] - 4:9
**overly** [3] - 7:25, 10:4, 10:9

## P

**P.C** [1] - 2:5
**papers** [1] - 6:25
**parties** [1] - 7:17
**party** [5] - 3:11, 5:5, 7:9, 9:6, 9:20

phone [2] - 3:17, 3:18
phonetic) [1] - 5:18
Plaintiff [2] - 1:8, 1:18
plaintiff [2] - 3:8, 4:5
plaintiff's [2] - 7:6, 7:8
Possibly [1] - 8:11
Present [1] - 2:9
privilege [1] - 5:7
problem [3] - 4:7, 4:8, 7:11
proceedings [1] - 11:21
Proceedings [1] - 2:24
produce [2] - 4:12, 8:23
produced [10] - 2:25, 4:13, 5:4, 5:5, 5:14, 6:14, 7:7, 7:10, 8:23
proper [1] - 10:6
purposes [1] - 10:13
pursuant [1] - 5:4

Q

quash [2] - 7:25, 11:2
quashing [1] - 8:4
questions [1] - 6:12

R

received [4] - 7:16, 8:14, 8:16, 10:14
receiving [1] - 8:9
record [1] - 11:21
recorded [1] - 2:24
referring [1] - 7:13
refers [1] - 6:5
regarding [5] - 7:18, 8:3, 8:9, 10:8
relating [1] - 6:12
relevant [1] - 8:15
REPORTER [2] - 2:11
Reporter [1] - 11:25
represent [1] - 4:2
represented [3] - 5:5, 5:11, 5:13
request [2] - 6:7, 6:8
required [2] - 4:9, 7:1
requires [1] - 8:10
resolved [1] - 8:11
response [3] - 4:23, 4:25, 7:2
review [1] - 10:21
Richard [3] - 1:19, 3:7, 4:5
Rm [1] - 2:12
role [1] - 5:24
RPR [3] - 2:12, 11:23, 11:24
ruling [1] - 11:6

S

SCHLEGEL [8] - 3:4, 3:15, 4:3, 5:18, 5:22, 6:2, 6:4, 8:8
Schlegel [5] - 2:6, 3:5, 4:3, 8:7, 8:8
Schlegel's [1] - 8:9
score [1] - 6:25
see [4] - 4:21, 7:20, 9:7, 9:20
seeks [1] - 5:8
send [1] - 6:16
sent [4] - 4:11, 4:15, 6:21, 7:5
separately [1] - 6:24
served [8] - 5:25, 6:4, 7:21, 10:2, 10:5, 10:10, 11:3
service [1] - 10:8
shared [1] - 7:17
shown [1] - 9:6
sides [1] - 7:20
SIGN [1] - 1:7
sign [1] - 9:2
Sign [1] - 3:2
signed [2] - 9:11, 10:15
simply [1] - 4:18
sitting [1] - 6:10
situation [1] - 10:20
someone [1] - 7:22
somewhere [1] - 8:25
son [3] - 5:20, 6:9, 9:16
South [1] - 2:12
specifically [1] - 6:13
St [3] - 1:19, 2:6, 2:12
start [1] - 5:9
STATES [2] - 1:4, 1:14
Status [1] - 1:9
STATUS [1] - 1:13
Ste [2] - 1:19, 2:6
stenography [1] - 2:24
Stephen [1] - 2:6
Steve [2] - 3:4, 4:3
stop [2] - 8:25, 9:21
stored [1] - 4:13
subpoena [9] - 5:4, 6:1, 7:18, 7:21, 7:25, 8:4, 10:1, 10:8, 11:2
subpoenas [2] - 6:4, 7:3
supposedly [1] - 9:11

T

teed [1] - 8:12
teleconference [1] - 2:9
telephone [2] - 3:16, 3:20
testified [1] - 6:15
testimony [2] - 6:24, 7:6
THE [31] - 1:14, 3:2, 3:6, 3:9, 3:11, 3:14, 3:16, 3:18, 3:19, 3:22, 3:24, 4:6, 4:20, 4:23, 5:2, 5:10, 5:15, 5:21, 5:24, 7:15, 8:9, 8:19, 9:7, 9:10, 9:14, 9:25, 10:20, 10:24, 11:1, 11:6, 11:8
Therefore [1] - 10:15
third [4] - 3:11, 7:9, 9:6, 9:20
third-party [2] - 3:11, 7:9
THOMPSON [1] - 1:10
Thompson [3] - 3:3, 3:5, 4:4
Thompson's [1] - 4:11
TRANSCRIPT [1] - 1:13
transcript [2] - 2:24, 11:20
turn [2] - 4:9, 10:17
turned [2] - 4:19, 4:22
two [2] - 3:25, 8:10
types [1] - 5:9

U

unable [1] - 6:19
UNITED [2] - 1:4, 1:14
up [1] - 8:12

V

versus [1] - 3:2
via [1] - 2:9
VIRGINIA [1] - 1:14
visit [1] - 8:12

W

Wanca [3] - 4:16, 9:3, 10:14
Wanca's [1] - 9:19
whereabouts [1] - 6:20
written [2] - 3:12, 4:25
wrote [1] - 10:11

Y

York [7] - 6:10, 7:22, 8:2, 8:5, 8:21, 11:2, 11:3
York's [1] - 7:23