# EXHIBIT E

1
2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

3

4    CE DESIGN, LTD.,                    )

5                    Plaintiff,    )    Docket No. 07 C 5456

6             vs.                        )

7    CY SADEGI, doing business as    )    Chicago, Illinois
     Cy's Crabhouse,                     )    December 18, 2008
8                                        )    10:15 a.m.
                    Defendant.    )

9

10                  TRANSCRIPT OF PROCEEDINGS
         BEFORE THE HONORABLE MATTHEW F. KENNELLY

11

12   APPEARANCES:

13

14   For the Plaintiff:    ANDERSON & WANCA
                           BY:   MR. BRIAN J. WANCA
                           3701 Algonquin Road, Suite 760
15                         Rolling Meadows, Illinois   60008

16

17   For the Defendant:    SMITH AMUNDSEN, LLC
                           BY:   MR. DARREN P. GRADY
                           150 North Michigan Avenue
18                         Suite 3300
                           Chicago, Illinois   60601

19

20

21

22

23

24            LAURA M. BRENNAN - Official Court Reporter
                219 South Dearborn Street - Room 2102
25                   Chicago, Illinois   60604
                        (312) 427-4393

1        (The following proceedings were had in open court:)

2            THE CLERK:  07 C 5456, CE Design v. Sadegi.

3            MR. WANCA:  Good morning, your Honor; Brian Wanca for

4    the plaintiff.

5            MR. GRADY:  Good morning, your Honor; Darren Grady

6    for defendant Cy's Crabhouse North.

7            THE COURT:  Hang on a second.  Somebody has got this.

8            Give me your name again.  I'm sorry.

9            MR. GRADY:  Darren Grady.

10           THE COURT:  Thanks.

11           All right.  Mr. Wanca, I assume you have seen the

12   motion to compel.

13           MR. WANCA:  Yes, your Honor.

14           THE COURT:  Talk to me.

15           MR. WANCA:  Judge, counsel has received all

16   communications that we have concerning this case and the

17   subpoenaed person or the subpoenaed entity.

18           THE COURT:  This is Ms. Abraham?

19           MR. WANCA:  Caroline Abraham.

20           We received some documents from her pursuant to the

21   subpoena that requested her to appear for deposition in

22   Brooklyn in September.  Those documents were provided to

23   counsel, and every document that was used in that deposition

24   counsel had before the deposition.

25           Mrs. Abraham did not do everything that she was asked

1  to do in the subpoena.  She was asked to bring telephone

2  records, lists and the like, which she didn't do at that time.

3  We followed up with her.  We had no response.

4  We issued a rule to show cause in another case

5  because she was noticed in for deposition on several cases on

6  I think it was September 16th -- 16th, 18th, 16th, on that

7  date.

8  And in response to the rule to show cause that was

9  issued through the federal court in Brooklyn, approximately

10  about a week ago -- yes, a week ago we received materials from

11  her concerning this case which we provided to counsel.  What

12  counsel is asking is everything that we have done on other

13  cases for other plaintiffs, and that's what --

14  THE COURT:  So this same person was doing fax

15  broadcasting for other people -- other entities or people that

16  you have sued in other cases, I take it, then?

17  MR. WANCA:  Yes, your Honor.

18  THE COURT:  Okay.  So the bone of contention in this

19  motion, as you understand it, is not the material relating to

20  the work she did for this particular defendant in this case,

21  because you have already turned that over; it's the material

22  relating to other cases.

23  MR. WANCA:  Right.  Just as I have not provided

24  counsel in those other cases with materials concerning this

25  case.

1      THE COURT:  I get it.  Hang on a second.

2      Do you agree with his characterization of what you're

3  looking for?

4      MR. GRADY:  Not entirely, your Honor.  I know that

5  there have been subsequent communications with Ms. Abraham,

6  and Business To Business is her d/b/a.  She had previously

7  testified that no one else was involved with Business To

8  Business, and we know now that not to be true, and we know now

9  that plaintiff's office is communicating with Joel Abraham,

10  her son, who was the computer tech for this business.

11     THE COURT:  So you're thinking there may be some

12  other things relating to this case.

13     MR. GRADY:  Relating to this case.

14     THE COURT:  Let's put that aside for a second because

15  I can deal with that.

16     MR. GRADY:  Your Honor, if I may?

17     THE COURT:  No.  I've got a courtroom full of people.

18  I want to sort of focus this in in some sort of coherent way.

19     Are you asking for materials that Mr. Wanca obtained

20  from Ms. Abraham or her company or whatever it is that concern

21  other entities that may have been sued in other cases?

22     MR. GRADY:  Yes.

23     THE COURT:  Why are you entitled to those in this

24  case?

25     MR. GRADY:  Because the communications with her in

1  those cases do involve -- they're connected to this case, and
2  I have an example of that. And here's a communication that we
3  have not been provided by plaintiff's counsel that we obtained
4  through other defense counsel in the other cases that
5  commingles all of the cases that Mr. Wanca's office has
6  brought that involve Business To Business.

7  THE COURT: When you say "commingles all of the
8  cases," what do you mean by that?

9  MR. GRADY: This is a communication from Ms. Abraham
10  to Wanca's office that has not been provided to us that
11  references our cases.

12  THE COURT: Plus other cases.

13  MR. GRADY: Plus other cases that involves the
14  extraction of information off of computers owned by Business
15  To Business that relates directly to the fax numbers to which
16  advertisements were sent, how that service was extracted and
17  her contacts with McCaw, which are not only relevant in our
18  case but in other cases.

19  THE COURT: Okay, but I'm just interested in this
20  case. But it sounds like from what you say about that
21  document that that document would at least partly and maybe
22  entirely, depending on, you know, how it's put together, would
23  concern this case.

24  MR. GRADY: Absolutely. It references directly Cy's
25  Crab House. It is relevant to this case and has not been

1  produced by plaintiff's counsel.

2          THE COURT:  You're looking at this thing you've got

3  there.  Do you have it?

4          MR. GRADY:  These are exhibits --

5          THE COURT:  Stop talking.  There's a question that is

6  pending.

7      (Brief interruption.)

8          MR. WANCA:  Yes, your Honor.

9          THE COURT:  How come you haven't turned it over if it

10  mentions this case, if it mentions Cy's Crab House?

11          MR. WANCA:  Judge, we have provided him with the

12  information concerning Cy's Crab House.

13          THE COURT:  I'm not talking about the information

14  concerning.  You're looking at a document that I was told and

15  that I think you just agreed mentions Cy's Crab House that

16  came from Ms. Abraham.  You just told me you have the

17  document.

18          And you told me before that you had turned over

19  everything that concerned this case.  Why did you not turn

20  that one over?

21          MR. WANCA:  Judge, I have not -- we have provided

22  counsel with those portions of this document that deal with

23  this case.

24          MR. GRADY:  Your Honor, respectfully, that is not

25  true.  There are --

1          THE COURT:  Stop.  Hang on a second.

2          What's the total volume of duties, Mr. Wanca, that

3   you got from Ms. Abraham in inches-wise or number-wise, either

4   one?

5          MR. WANCA:  On this case?

6          THE COURT:  Total number of documents that you got

7   from Ms. Abraham, without limitation.

8          MR. WANCA:  Judge, I can't tell you what the total

9   number is.  I believe it's something under a thousand.

10          THE COURT:  Okay.  So unless you want me going

11   through these in camera item by item, which I would prefer not

12   to do, quite frankly, and making my own judgment as to what I

13   think is relevant to this case -- and, of course, I'm going to

14   do that consistent with the scope of Rule 26, which, as we all

15   know, is pretty broad -- then my suggestion is you need to go

16   back through this stuff again.

17          And I don't think that -- honestly, I don't think

18   you're entitled because you don't have any privilege that

19   attaches to these documents.  These are documents that you

20   obtained from some third party, actually a third party that's

21   identified with the other side in the case, somebody hired by

22   Cy's Crab House, as I understand it, to do the faxing.

23          MR. WANCA:  On another case with a different

24   plaintiff.

25          THE COURT:  Yes.  Okay.  You yourself do not have any

1    confidentiality that attaches to these, nor does your client.

2    So, frankly, I don't think you're entitled to go redacting

3    things.  That's what I'm telling you, okay.  I don't think

4    you're entitled to do that.  So I think you need to make

5    another pass through this stuff.  You need to do it in short

6    order.

7              I am going to set this over for a few weeks.  If

8    there is something that you're claiming confidentiality on,

9    you're going to have to make a privilege log.  You're going to

10   have to make a privilege log, and I'm ordering you to do that.

11   Okay.  I recognize that you have got a bunch of cases.  I

12   recognize that some of this may concern other cases, and I

13   recognize that at some point in time, I may have to unscramble

14   some sort of an egg, but if there is some sort of claim of

15   confidentiality being made, whether it's work product, you

16   know, attorney/client privilege, you know, mental impressions,

17   whatever, there needs to be a log produced under

18   Rule 26(a)(5).

19              MR. WANCA:  Judge?

20              THE COURT:  Yes.

21              MR. WANCA:  I have different plaintiffs in the other

22   cases.  My plaintiff doesn't have custody and control over

23   materials.

24              THE COURT:  Okay.  Don't play those games with me,

25   Mr. Wanca.  You have custody and control over them.

1　　　　　And so, you know, unless what you want me to do, like
2　I said, is for me to go through every piece of this paper, in
3　which case it's likely I'm going to order it all turned over
4　to him, you need to do a better job of this, and don't be
5　drawing these artificial lines here. You have custody and
6　control of them, and you are the agent of your client.
7　　　　　I'm going to enter and continue this by three weeks.
8　One, two, three, that would be the 8th of January at 9:30.
9　　　　　MR. WANCA: Judge, could we pass it to the following
10　week? I have jury duty.
11　　　　　THE COURT: No problem. I'm going to be --
12　　　　　Can you do it the Monday of the following week, the
13　12th?
14　　　　　MR. WANCA: Assuming I'm not in the pool, I'm
15　supposed to --
16　　　　　THE COURT: Okay. I'm going to enter and continue it
17　to January the 12th at 9:30. If you get picked for jury duty,
18　let opposing counsel know; call my clerk. No problem.
19　　　　　MR. WANCA: We will try to get it resolved by that
20　time, Judge, so we don't have to deal with this issue.
21　　　　　MR. GRADY: If I may address one more issue? We have
22　been in communications regarding a second deposition of
23　Ms. Abraham as well as a deposition.
24　　　　　THE COURT: You know what, I'm going to tell you
25　something. If it's not in this motion --

1          Is it?

2          MR. GRADY:  It's not.

3          THE COURT:  Then I'm not going to talk about it

4   today.  I've got too many people in the courtroom.

5          MR. GRADY:  Sure.

6      (Which were all the proceedings had in the above-entitled

7   cause on the day and date aforesaid.)

8                    C E R T I F I C A T E

9

10         I hereby certify that the foregoing is a true and

11  correct transcript of the above-entitled matter.

12

13

14  /s/ Laura M. Brennan                    March 23, 2010

15

16  _____           _____

17  Laura M. Brennan                           Date
    Official Court Reporter
18  Northern District of Illinois

19

20

21

22

23

24

25