**AMENDED EXHIBIT F**

**AMENDED EXHIBIT F**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CE DESIGN, LTD., an Illinois corporation individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>CY'S CRABHOUSE NORTH, INC. and CY'S CRABHOUSE & SEAFOOD GRILL, INC.,<br><br>Defendants. | Case No. 07 C 5456<br>Judge Kennelly |

### AMENDED AFFIDAVIT OF ERIC L. SAMORE

I, ERIC L. SAMORE, being duly sworn and upon oath could competently testify to the following facts from my personal knowledge:

1. I am the primary defense counsel of record in the above captioned case.

2. I have never had any oral, written or email communications or discussions of any kind with Caroline Abraham.

3. Plaintiff's counsel produced a copy of the DVD labeled "060430" ("DVD") to our law firm, without marking it confidential, in this matter on or about January 12, 2009.

4. Approximately four months later, on June 23, 2009, I received an email from Ryan Kelly, one of the plaintiff's counsel in this matter, requesting that the DVD be treated confidential. A copy of Kelly's email and the ensuing email exchanges are attached hereto as Exhibit A.

5. To the best of my recollection, there was no oral discussion between any plaintiffs counsel and myself regarding the subject matter of the attached email exchange.

6. Plaintiff counsel did not disclose the reason for his request.

7. Consistent with plaintiff counsel's request and pursuant to my instructions, attorneys for defendants have not disclosed the contents of the DVD to any third parties at any time.

8. At the time that I responded to Kelly's email, I believed that the litigants had a right to subpoena the DVD for use under seal in connection with any other bona fide TCPA lawsuits where B2B broadcasts were in issue.

9. My email response to Kelly's request was not intended to authorize plaintiff counsel to breach their agreement with other parties. Nor was it intended to authorize plaintiff counsel to disregard the terms of this Court's Protective Order, including the procedures established for dispute resolution. In fact, my email reply invited Kelly to follow the procedures set forth in that Order.

10. On April 2, 2010, plaintiff counsel, Phil Bock notified me via letter that co-counsel was in possession of a copy of the internal hard drive (labeled S/N: WCAHL6653150 ("Hard Drive")) purportedly of B2B which he offered to make available for inspection and copying through an independent service known by plaintiffs counsel and that the cost would approximate $500. A copy of this letter is attached as Exhibit B.

11. A few days thereafter, I spoke with Ryan Kelly. I told him that we had recently learned that our expert Dave Canfield was in physical possession of a forensic copy of the Hard Drive that had been produced in connection with a different TCPA case that did not involve our firm. I never told him that that we did not "need" the Hard Drive, but I did tell him that we would not order a forensic copy of it at this time.

12. I did not order a forensic copy of the Hard Drive from plaintiff counsel in part because I wanted a clarification from this Court in regard to our motion to dismiss pursuant to rule 37.2 and in regard to Caroline Abrahams request for relief.

13. Plaintiff's offer to make available the Hard Drive for inspection or copying was made more than a year after the date, that plaintiff counsel reportedly provided the Hard Drive to their expert Biggerstaff, February 24, 2009.

Further, Affiant sayeth not.

[x] Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct. Executed on: May 3, 2010.

_____
Eric L. Samore

## Samore, Eric

**From:** Samore, Eric
**Sent:** Tuesday, June 23, 2009 4:58 PM
**To:** 'Brian J. Wanca'; Ryan M. Kelly
**Cc:** Phil Bock; Haney, Amy
**Subject:** RE: CE Design v. Cy's

I have honored your belated requests of confidentiality as well in regard to phone records. The problem here is not so much the timing of your request, as it is the substance of your request.

We have no intent to disclose them to third parties, outside of litigation. We believe that the subject DVD should be available for use in other TCPA cases that we are defending. There is simply no legal basis for asserting that these records cannot be used in other TCPA litigation. If we need to use them in a for a court filing, we will endeavor to file them under seal.

**Eric Samore**
SmithAmundsen LLC

---

**From:** Brian J. Wanca [mailto:bwanca@andersonwanca.com]
**Sent:** Tuesday, June 23, 2009 4:35 PM
**To:** Samore, Eric; Ryan M. Kelly
**Cc:** Phil Bock
**Subject:** RE: CE Design v. Cy's

I believe it was on this case that I let you claim confidential status on your client's bank records after the fact.

---

**From:** Samore, Eric [mailto:ESamore@salawus.com]
**Sent:** Tuesday, June 23, 2009 3:43 PM
**To:** Ryan M. Kelly
**Cc:** Brian J. Wanca
**Subject:** RE: CE Design v. Cy's

Ryan,

Under the terms of the protective order, designation of confidential material is to be made at or prior to the time of production. You are months and months too late to be making this request.

Notwithstanding, we will make a conscious effort to not disclose the DVD to any third parties in the future, except that we expressly retain the right to use the DVD and any material on the DVD in any lawsuit that we currently or may in the future be involved in. That is the best we can do for you at this time. If this is not enough, I recommend that you file a motion for a protective order.

**Eric Samore**
SmithAmundsen LLC

---

**From:** Ryan M. Kelly [mailto:rkelly@andersonwanca.com]
**Sent:** Tuesday, June 23, 2009 11:22 AM
**To:** Samore, Eric
**Cc:** Brian J. Wanca

4/30/2010

EXHIBIT A

**Subject:** CE Design v. Cy's

Please treat the DVD produced by Joel Abraham as confidential pursuant to the protective order in this case.

Ryan M. Kelly
Anderson + Wanca
3701 Algonquin Rd., Suite 760
Rolling Meadows, IL 60008
(847) 368-1500 ph
(847) 368-1501 fax
rkelly@andersonwanca.com

4/30/2010

# BOCK & HATCH, LLC

134 North La Salle Street, Suite 1000
Chicago, IL 60602
312-658-5500 • Fax 312-658-5555

April 2, 2010

**By Fax - 312.894.3210**

Eric L. Samore
SmithAmundsen
150 N. Michigan Ave., Ste. 3300
Chicago, Illinois 60601

    **Re:** **CE Design, et al. v. Cy's Crabhouse, et al.**

Dear Mr. Samore:

    As you know, we represent Plaintiff and the certified class in the captioned matter. We have reviewed the motion to dismiss Defendants filed on March 29, 2010, and oppose it. Also, we object that parts of the motion were redacted and then filed "under seal" improperly and we object to your office's improper *ex parte* letter to Judge Kennelly dated March 30, 2010.

    In response to subpoenas to Joel Abraham in the *G.M. Sign, Inc. v. Finish Thompson* case and the captioned matter, Joel Abraham provided to Anderson + Wanca two DVDs (one labeled 060430 ("DVD1") and one labeled 060715 ("DVD2")) and a Western Digital internal hard drive (labeled S/N: WCAHL6653150).

    These media contain documents pertaining to the junk fax broadcasting business of Macaw a/k/a Maxileads. Joel Abraham has testified that he possessed Macaw's data because Business to Business Solutions, a business operated from his home, acted as Macaw's U.S. conduit and because Mr. Abraham apparently provided *gratis* computer services to that business.

    Prior to receiving your motion, Plaintiff (and Plaintiff's expert) had not used either DVD2 or the hard drive in connection with this case. Instead, as you know, Plaintiff (and Plaintiff's expert) relied upon documents produced by Caroline Abraham and Joel Abraham and also relied upon DVD1, all of which were timely produced to you more than a year ago. Correcting one of the misstatements in Defendants' motion, Plaintiff's counsel first received Joel



EXHIBIT B

Eric L. Samore
April 2, 2010
Page - 2 -

Abraham's DVD2 and hard drive <u>after</u> Robert Biggerstaff's February 20 deposition.

As you know, DVD1 and DVD2 are backups Joel Abraham made to preserve data in case of catastrophic failure. DVD2 is a later "backup" than DVD1 and, as a result, contains information about later fax broadcasts. (DVD2 was produced to you in, at least, the *Creative Montessori v. Ashford Gears* case.) None of those later broadcasts has anything to do with Cy's Crabhouse and, therefore, DVD2 offers nothing new for this case that is not contained on DVD1.

Even though we have not used documents from the Joel Abraham hard drive in this case, and believe that it contains nothing discoverable in this case that hasn't been produced to you already, we hereby offer to make the hard drive available for your inspection and copying (at your expense) through an independent service known by Plaintiff's counsel. I understand that it will cost approximately $500. Contact me if you want to make arrangements for that.

None of the media tendered by Joel Abraham is restricted from production by a protective order in the captioned matter or in any other case. They were produced without limitation, none was designated as confidential and, in any event, neither Joel Abraham nor his attorney made any effort made any attempt to establish good cause for court protection against disclosure. Therefore, you should consider this production to apply to other cases your office is defending regarding faxes Macaw/Maxileads sent through Business to Business Solutions, including without limitation the *Poolman, Ashford Gears,* and *Dahn Yoga* cases.

Sincerely,

Phillip A. Bock

cc:   Brian J. Wanca