IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CE DESIGN LTD., an Illinois corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | No. 07 C 5456 <br><br> Judge Matthew F. Kennelly |
| v. | ) ) | |
| CY'S CRAB HOUSE NORTH, INC. and CY'S CRABHOUSE & SEAFOOD GRILL, INC., | ) ) ) ) | |
| Defendants. | ) | |

## FINAL APPROVAL OF SETTLEMENT AGREEMENT AND JUDGMENT

WHEREAS, as a precondition to entering into a class settlement, Plaintiff requested that Defendants execute affidavits attesting that conflicts of interest had never been disclosed to them, and that they had never waived conflicts of interest, and Defendants executed such affidavits ("the Cy's Affidavits"); and

WHEREAS, Plaintiff (on behalf of itself and the Class) and Defendants thereafter filed an executed Settlement Agreement (the "Agreement") with the Court on September 14, 2010; and

WHEREAS, the Court, on September 22, 2010, entered an Order Preliminarily Approving the Class Action Settlement, and Approving the Class Action Settlement Notice (the "Preliminary Approval Order"), and directed that the Notice of Proposed Settlement be distributed to Class Members, and scheduled a

hearing to be held on January 12, 2011, to determine whether the Settlement should be approved as fair, reasonable, and adequate; and

WHEREAS, Plaintiff has demonstrated to the Court that such Notice of Proposed Settlement was distributed in accordance with the terms of the Preliminary Approval Order; and

WHEREAS, in accordance with the Notice of Proposed Settlement disseminated to the Class Members, a hearing was held on January 12, 2011, at which all interested persons were given an opportunity to be heard, and none of the Class Members appeared or responded when the Court called the matter for said hearing; and

WHEREAS, at said hearing on January 12, 2011, Plaintiff requested that final approval of the Agreement be postponed pending confirmation of the truth of the Cy's Affidavits, and the Court granted such postponement, ultimately re-setting a final fairness hearing on the Agreement for September 8, 2011; and

WHEREAS, the Court held said hearing on September 8, 2011, at which all interested persons were again given an opportunity to be heard;

NOW, THEREFORE, the Court, having read and considered all submissions made in connection with the Agreement, including statements in open court, finds and concludes as follows:

1. The Complaint in this action alleged Defendants faxed unsolicited advertisements to Plaintiff and the other members of a putative class. The

2

Complaint alleged Defendants' practice violated federal law and caused damages to Plaintiff and the putative class.

2. On September 14, 2010, the Court certified the following Class for settlement purposes:

> All persons who, on November 1, 2005 and/or November 9, 2005, received a fax stating "We Love to Serve You at Cy's Crabhouse" listing Cy's Crabhouse, 301 N. Milwaukee Ave., Buffalo Grove, IL.

The Court hereby affirms this definition of the Class for purposes of this Final Judgment. The Court appointed Plaintiff to represent the Class and appointed Plaintiff's attorneys as class counsel.

3. The Court certified the Class as defined above after finding that the requirements of Federal Rule of Civil Procedure Rule 23 were met, because: (1) the Class is so numerous that joinder of all members is impracticable; (2) there are common questions of fact or law that predominate over any questions affecting only individual members; (3) the claims or defenses of Plaintiff are typical of the claims or defenses of the Class; (4) Plaintiff and its attorneys fairly and adequately protect the interests of the Class; (5) common questions of law or fact predominate over individual questions; and (6) a class action be the superior method for adjudicating the claims.

4. Plaintiff and Defendants executed the Agreement and filed it with the Court. The Agreement provides for the settlement of this action on behalf of Plaintiff and the Class, subject to the Court's approval. The Court scheduled a hearing to consider approval of the Agreement, and directed that notice of the

Agreement and of this hearing be disseminated to the Class in accordance with the terms of the Preliminary Approval Order.

5. In accordance with the terms of both the Agreement and the Preliminary Approval Order, Plaintiff caused the Notice of Proposed Settlement to be disseminated, informing potential Class Members of the pendency of this Action and of the terms of the settlement, and of their opportunity to request exclusion from the Class or to object to the terms of the settlement. Plaintiff's attorneys confirmed to the Court on January 12, 2011, that the dissemination of the Notice of Proposed Settlement had occurred in accordance with the Preliminary Approval Order.

6. The Court hereby finds that the Notice of Proposed Settlement disseminated to the Class Members in accordance with the terms of the Preliminary Approval Order constituted the best notice practicable under the circumstances. The Affidavit confirming dissemination of the Notice of Proposed Settlement filed with this Court demonstrates that this Court's Preliminary Approval Order with respect to dissemination of the Notice of Proposed Settlement was complied with, and that the best notice practicable under the circumstances was in fact given, and constituted valid, due, and sufficient notice to Class Members.

7. As previously indicated, the final fairness hearing on the Agreement was originally scheduled for January 12, 2011, and the notice given to the Class advised the Class Members that such hearing would be held on said date, but the hearing was thereafter postponed until September 8, 2011. Nevertheless, on

January 12, 2011, in open court, the Court called the case for hearing and specifically asked if any Class Members were present for the scheduled hearing. *See* 1/12/11 Hearing Transcript, p. 3: "Is there anybody here in the courtroom who is here because of the case of CE Design v. Cy's Crabhouse for a settlement hearing? No. And just for the record, it's about 10:10. Okay." If any Class Members had elected to appear at the hearing on January 12, 2011, they would have been aware of the events transpiring at said hearing and in subsequent proceedings in this case, including the final fairness hearing scheduled for September 8, 2011. Given the foregoing, the Court hereby finds that the Class received proper, sufficient and adequate notice of the final fairness hearing on September 8, 2011.

    8.    Plaintiff and Defendants have applied to the Court for final approval of the terms of the Agreement and for the entry of this Final Approval Order. Based upon the evidence in the record, the Court concludes that the affidavits submitted by Cy Sadeghi and Bruce Goldberg are true and correct and relies upon their truth in finding the settlement fair, reasonable, and adequate.

    9.    The Court finds, for the reasons described in open court and in this order, that the Agreement is the result of good faith arm's-length negotiations by the parties thereto, and that it will further the interests of justice. The Settlement Agreement is hereby incorporated into and adopted as part of this Order.

    10.    Additionally, based upon the evidence in the record and statements made in open court and in this order, including the findings has made regarding the Sadeghi and Goldberg affidavits, the Court finds that:

        (a)    The settlement is made in reasonable anticipation of liability;

(b) The settlement amount was fair and reasonable;

(c) Defendants' decision to settle conformed to the standard of a prudent uninsured;

(d) The damages amount agreed to is what a reasonably prudent person in Defendants' position would have settled for on the merits of the claims in this Litigation;

(e) Defendants directed that 10,000 unsolicited advertisements be faxed on November 1, 2005 and November 9, 2005, and 7,295 of those were received;

(f) Defendants believed that their fax broadcaster had the consent of the fax recipients when it sent the faxes;

(g) Defendants did not intend to injure the fax recipients; and

(h) Defendants tendered this lawsuit to Truck Insurance Exchange and Truck Insurance Exchange agreed to defend this matter, but reserved its rights and then filed suit seeking to void coverage.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

A. The Court possesses jurisdiction over the subject matter of this Action, the Plaintiff, the Class Members, and Defendants.

B. The Court certifies the following settlement class:

> All persons who, on November 1, 2005 and/or November 9, 2005, received a fax stating "We Love to Serve You at Cy's Crabhouse" listing Cy's Crabhouse, 301 N. Milwaukee Ave., Buffalo Grove, IL.

6

C. The Court appoints Plaintiff as the class representative and appoints Plaintiff's attorneys, Brian J. Wanca of Anderson + Wanca and Phillip A. Bock of Bock & Hatch, LLC as class counsel.

D. It is hereby determined that the Notice of Proposed Settlement, as disseminated to members of the Class in accordance with provisions of the Preliminary Approval Order, was the best notice practicable under the circumstances to all members of the Settlement Class, and is therefore finally approved as reasonable. Due and adequate notice of the pendency of this Action and of this Settlement has been provided to members of the Class, and this Court hereby finds that the notice program described in the Preliminary Approval Order and completed by Plaintiff complied fully with the requirements of due process, under Federal Rule of Civil Procedure 23, and all other applicable laws.

E. Sixteen (16) members of the Class filed Requests for Exclusion. Exhibit 1. The persons listed on Exhibit 1 to this Order are hereby excluded from the Class. All remaining Class Members are bound by this Final Judgment and by the Agreement and the settlement embodied therein, including the covenant not to execute provided for in the Agreement and in this Final Approval Order.

F. All provisions and terms of the Agreement are hereby found to be fair, reasonable, and adequate as to the Class Members and Plaintiff, and all provisions and terms of the Agreement are hereby finally approved in all respects. The Agreement was made in reasonable anticipation of liability. The settlement amount is fair and reasonable. Defendants' decision to settle conforms to the standard of a

7

prudent potentially uninsured. The agreed judgment amount is what a reasonably prudent person in Defendants' position would have settled for.

G. The Court enters judgment on all counts of the Second Amended Class Action Complaint against Defendants, jointly and severally, in the total amount of $3,647,500.00. The Judgment shall be satisfied only through the proceeds of Defendants' insurance policies.

H. The Court hereby approves Defendants' assignment to the Class of all of Defendants' claims, rights to payment, and rights of action against every insurer covering any part of the period November 1, 2005 through November 30, 2005.

I. It is hereby ordered that Plaintiff shall receive $25,000.00 from any recovery against Defendants' insurer(s), in accordance with the Agreement, as an incentive payment for its services to the Class. It is hereby ordered that Plaintiff's attorneys shall receive attorneys' fees equal to one-third plus litigation expenses from any recovery against Defendants' insurer(s), before any other deductions, in accordance with the Agreement.

J. It is hereby ordered that each Class member, including Plaintiff, who does not exclude himself will be mailed a pro rata share of the amount recovered. Such payments will be made by checks void 90 days after issuance.

L. On the date of this Order, any Class member who did not opt out will be forever barred and permanently enjoined from directly, indirectly, representatively or in any other capacity, filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or

otherwise, or receiving any benefits or other relief from any other lawsuit, any other arbitration, or any other administrative, regulatory, or other proceeding against Defendants and/or any of their agents and assigns in any jurisdiction based on or relating in any way whatsoever to the claims and causes of action, or the facts or circumstances relating thereto, in or underlying the Action and/or the settled claims as defined in the Agreement; and all persons shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action against Defendants and their agents and assigns (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who have not timely excluded themselves from the Class if such other lawsuit is based on or related to the claims and causes of action or the facts and circumstances relating thereto, in this Action and/or the settled claims.

     M.     Plaintiff and each Class Member, and their heirs, executors, administrators, representatives, agents, successors and assigns, and any and all other Persons claiming through or by virtue of them, have covenanted with Defendants not to execute on the Judgment against any non-insurance asset or property of Defendants, or any of their agents, assigns or legal representatives thereof, but rather have agreed to pursue collection of the Judgment solely against Defendants' insurance policies and Defendants' insurer(s) only. This provision does not release the judgment against Defendants to be entered herein, nor does it release the asserted claims that are the basis for the entry of the judgment or the

9

right to enforce the judgment in favor of the Plaintiff and the Class against Defendants' insurers only.

N. The terms of the Agreement and of this Order and the accompanying Final Judgment shall be forever binding on Plaintiff and all other Class Members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have res judicata and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve settled Claims.

O. Defendants shall reasonably cooperate fully with Plaintiff in all subsequent actions against Defendants' insurer(s) and make available their employees to testify upon reasonable notice, if necessary.

P. This is a final and appealable order and there is no just reason to delay enforcement or appeal.

Q. Post-judgment interest shall accrue from the date of entry of this Judgment Order.

ENTER:


Dated: October 27, 2011             _____s/ Matthew F. Kennelly_____
                                                Judge Matthew F. Kennelly

Exhibit 1 to Final Approval Order (Case No. 07 C 5456)

| | Company | Name | Street | City | State | Zip Code |
|---|---|---|---|---|---|---|
| 1 | VWR International, LLC (formerly Vwr Scientific Inc.) | Ben Crum, President | 911 Commerce CT | Buffalo Grove | IL | 60089-2375 |
| 2 | Salt Creek Rural Park District | Greg Kuhs, Executive Director | 530 S Williams Ave | Palatine | IL | 60074-6499 |
| 3 | Alemar's Restaurant | Tony Alevras, Owner | 795 W Dundee Rd | Palatine | IL | 60074-0715 |
| 4 | High School District 214 | Elizabeth Ennis, Administrator | 2121 S Goebbert Rd | Arlington Hts | IL | 60005-4205 |
| 5 | Hardin Paving CO | Michael Hardin, Owner | 460 W Hintz Rd | Wheeling | IL | 60090-5757 |
| 6 | JBC Funds Parkway North, LLC (formerly Carramerica Realty Inc) | Gerald O Mally, Vice President | 3 Parkway N | Deerfield | IL | 60015-2537 |
| 7 | Heitman Printing CO | Norman Varner, Manager | 1363 N Western Ave | Lake Forest | IL | 60045-1226 |
| 8 | Hamilton Partners Inc | Mike Rolfs, Partner | 1130 W Lake Cook Rd #190 | Buffalo Grove | IL | 60089-1993 |
| 9 | Palbok Church | Chul Huh, Religious Leader | 293 Oakwood Rd | Vernon Hills | IL | 60061-2711 |
| 10 | Village Church of Lincolnshire | Lee Eclov, Religious Leader | 201 Riverwoods Rd | Lake Forest | IL | 60045-2542 |
| 11 | Palwaukee Materials (formerly A P & Sons) | Andy Pollina, Owner | 79 E Palatine Rd | Wheeling | IL | 60090-6519 |
| 12 | Pro-Arc Electrical Constr CO | Dominic Rossi, President | 1229 E Algonquin Rd #B | Arlington Hts | IL | 60005-4753 |
| 13 | Prop Station, Inc. (d/b/a B & L Liquors) | Michael Bastone, Owner | 767 W Dundee Rd | Wheeling | IL | 60090-2605 |
| 14 | Route 12 Rental CO | Bill Simon, Owner | 1306 E Rand Rd | Arlington Hts | IL | 60004-4018 |
| 15 | Lake Zurich Village Adm | John Dixon, Manager | 70 E Main St | Lake Zurich | IL | 60047-2416 |
| 16 | Deerfield Public Library | Mary Pergander, Library Director | 920 Waukegan Rd. | Deerfield | IL | 60015-3018 |