IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CE DESIGN, LTD., on behalf of a class of similarly situated persons, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 07 C 5456 |
| CY'S CRAB HOUSE NORTH, INC. and CY'S CRABHOUSE & SEAFOOD GRILL, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The Court certified a class in this suit under the Telephone Consumer Protection Act (TCPA). The case was litigated extensively. This included motions filed by defense counsel seeking to disqualify class counsel and decertify the class on the ground that class counsel had committed misconduct. These motions were prosecuted by counsel for the defendants, who had been retained for the defendants by their liability insurer, Truck Insurance Exchange. As the attorney described it some months later, the retention "creat[ed] a tripartite relationship between the . . . attorneys, their clients, the Cy's entities, and Truck [Insurance]." Mot. to Withdraw (dkt. no. 384) at 1 (filed Jan. 31, 2011). The Court denied these motions in 2010.

The case went to trial in the fall of 2010. During the trial, the parties reached a settlement (subject to Court approval), so the Court suspended the trial.

The tentative settlement contemplated entry of a judgment against the

defendants, which both sides agreed they were unable to satisfy, and assignment to the class of defendants' rights under their liability insurance policy or policies, in particular the policy issued by Truck Insurance. During the period while the settlement was being negotiated and its approval sought, the attorney retained by Truck Insurance who had represented the defendants withdrew and was replaced by separate, independent counsel. Litigation ensued in state court over whether Truck Insurance's policy covered the claims the class had made against the defendants.

The Court entered judgment approving the settlement on October 28, 2011. On November 23, 2011, just a few days before the time to appeal would expire, Truck Insurance moved to intervene to seek decertification of the class, as well as an extension of the time to file a notice of appeal. Truck Insurance based its motion on a decision the Seventh Circuit issued on November 22, 2011 in *Creative Montessori Learning Centers v. Ashford Gear, LLC*, No. 11-8020 (7th Cir. Nov. 22, 2011). In that case, another TCPA suit, the court found that attorneys who also represent the class in the present case had committed misconduct and concluded they could not adequately represent the class. The court therefore decertified the class and remanded the case to the district court for further proceedings. Truck Insurance says that it wishes to intervene in the present case and move to decertify the class, based on the *Creative Montessori* decision.

The Seventh Circuit's decision raises significant issues, but the primary question regarding Truck Insurance's motion to intervene involves its timeliness. The counsel that Truck Insurance retained to represent the defendants in the present case – who had a "tripartite" relationship with both the defendants and Truck Insurance – knew full

...

well, long ago, of all of the conduct that formed the basis for the Seventh Circuit's decision. Indeed, the defendants, via that attorney, raised related issues in this case and litigated them in full. Truck Insurance was therefore on notice of the alleged misconduct and the proceedings in this case concerning it as those proceedings were occurring. And it was aware, for over a year, that its insureds had negotiated a settlement that contemplated assignment of the defendants' rights under their insurance policy issued by Truck Insurance (the settlement was preliminarily approved in September 2010). Finally, Truck Insurance had to be fully aware of the proceedings in the *Creative Montessori* case, because the same lawyer whom Truck Insurance had retained to represent the defendants in this case handled the proceedings in that case, including the proceedings on appeal. Yet despite the fact that Truck Insurance knew for an extended period that its interests were implicated by the settlement in this case; knew that the conduct of class counsel had been attacked in this case; and knew that the Seventh Circuit was considering the issue of decertification in *Creative Montessori*, Truck Insurance stood on the sidelines and raised no objection to the settlement.

     A petition to intervene must be timely. *See, e.g., Sokaogon Chippewa Community v. Babbitt*, 214 F.3d 841, 849 (7th Cir. 2000). The purpose of this requirement "is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal. As soon as a prospective intervenor knows or has reason to know that his interests might be adversely affected by the outcome of the litigation he must move promptly to intervene." *Id.* (internal quotation marks and citation omitted). In considering whether a motion to intervene is timely, a court considers the length of time the intervenor knew or should have known of its interest in the case; the prejudice to the

original parties by the delay; the prejudice to the intervenor if the motion is denied; and any unusual circumstances. *Id.*

As the Court has discussed, Truck Insurance has known not just of its interest in the case, but of the issues it now sees as critical, for over a year. Truck Insurance does not dispute that in its motion to intervene or its reply brief. The case is indeed "within sight of the terminal," and the plaintiffs, whose recovery, if any, will come from the insurance policy, would be severely prejudiced by having to go back to square one. Truck Insurance would be prejudiced if its motion to intervene is denied, but it could have avoided that prejudice by taking action more promptly.

Truck Insurance's primary argument is that the *Creative Montessori* decision qualifies as an unusual circumstance warranting late intervention. The Court respectfully disagrees. There is nothing new (at least not to Truck Insurance) about the arguments that the defendants raised in *Creative Montessori*; the same lawyers litigated similar arguments in this case. The only thing that has changed is that the Court of Appeals ruled in favor of the defendants in *Creative Montessori*. But there is no principle of law that permits a party or an attorney to avoid a timeliness requirement by sitting and waiting until it perceives its case to be a slam-dunk.

For these reasons, the Court concludes that Truck Insurance's motion to intervene is untimely and therefore denies the motion.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: December 1, 2011